OPINION OF THE COURT
Scudder, P.J.
Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) in connection with the stabbing death of the victim. It is undisputed that the altercation between defendant and the victim occurred outside the two-family residence where they each had attended separate parties and, although several other guests also were outside, there were no witnesses to the altercation.
I
Contrary to defendant’s contention, County Court’s determination that a prosecution witness was not an agent of the government when he spoke to defendant is supported by the record (see People v Young, 100 AD3d 1427, 1427-1428 [2012], lv denied 20 NY3d 1105 [2013]).
Defendant failed to preserve for our review his contention that a prosecutor who participated with him in a demonstration of the altercation during cross-examination thereby provided unsworn testimony (see CPL 470.05 [2]; see generally People v Hawkins, 11 NY3d 484, 491-493 [2008]). In any event, we note that the record establishes that defendant portrayed the victim during the demonstration and directed the actions of the prosecutor, who portrayed defendant (cf. People v Williams, 90 AD2d 193, 196 [1982]). We conclude that, “[u]nder the circumstances, ... no undue prejudice resulted” (People v Barnes, 80 NY2d 867, 868 [1992]; see People v Jones, 70 AD3d 1253, 1255 [2010]; cf. Williams, 90 AD2d at 196). We further conclude that defendant’s contention that he was denied effective assistance of counsel based upon the failure of defense counsel to object to the demonstration is without merit inasmuch as defendant failed “ ‘to demonstrate the absence of strategic or other legitimate explanations’ for defense counsel’s allegedly deficient conduct” (People v Atkins, 107 AD3d 1465, 1465 [2013], lv denied 21 NY3d 1040 [2013]).
Defendant failed to object to the court’s charge to the jury on the justification defense and thus failed to preserve for our review his contention that the court improperly lowered the People’s burden of proof to disprove the defense (see People v *26 Johnson, 103 AD3d 1226, 1226 [2013], lv denied 21 NY3d 944 [2013]). In any event, we conclude that the court’s charge properly informed the jury that, if it determined that defendant was justified in using deadly force against the victim, it must acquit him of all counts (see generally id.). We therefore also reject defendant’s contention that the failure of defense counsel to object to the charge deprived him of effective assistance of counsel (see id.).
II
We reject defendant’s contention that the verdict is against the weight of the evidence with respect to the justification defense. Defendant testified that the victim was holding defendant’s neck under the victim’s arm while he punched defendant and that defendant felt dizzy and was afraid that he would pass out and then “be demolished.” Defendant testified that he therefore removed two “throwing” knives from a sheath on his belt and stabbed the victim in an effort to have the victim release him. The People established, however, that the victim was five inches shorter and only slightly heavier than defendant and that he was not armed. Thus, we conclude that, although a different verdict would not have been unreasonable, when viewing the elements of the justification defense as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]), the jury did not fail to give the evidence the weight it should be accorded (see People v Massey, 61 AD3d 1433, 1433 [2009], lv denied 13 NY3d 746 [2009]; see also People v Heary, 104 AD3d 1208, 1209 [2013], lv denied 21 NY3d 943 [2013], reconsideration denied 21 NY3d 1016 [2013]).
m
Defendant further contends that the verdict is against the weight of the evidence because the People did not prove beyond a reasonable doubt that he had the requisite intent to kill the victim. We note that defendant does not separately contend that the evidence is legally insufficient to support the conviction (cf. People v Rice, 105 AD3d 1443, 1443-1444 [2013]; People v Stephenson, 104 AD3d 1277, 1278 [2013], lv denied 21 NY3d 1020 [2013]; People v Stepney, 93 AD3d 1297, 1298 [2012], lv denied 19 NY3d 968 [2012]). In any event, defendant failed to renew his motion to dismiss at the close of proof and thus failed to preserve for our review a contention that the evidence is legally *27 insufficient to support the conviction (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Nevertheless, it is now well established that, “in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution’s witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt” (Danielson, 9 NY3d at 349). Upon our review of the elements of the crime of murder in the second degree, we conclude that, viewing the facts in the light most favorable to the People, “a jury could [not] logically conclude that the People sustained [their] burden of proof’ with respect to the element of intent to kill (id.).
It is undisputed that defendant stabbed the victim eight times with two “throwing” knives and then left the scene and discarded the knives, which were later recovered by the police. The knives were described by a police witness as having two- to three-inch blades, only the tips of which were sharp. Prosecution witnesses testified that the victim was angry and aggressive because he was asked to leave the party and that defendant, and others, attempted to diffuse the situation developing between the victim and his friend, and the host of the party. The People’s evidence included photographs of defendant that depict extensive bruising on his back and side. The testimony of the Medical Examiner and photographs taken during the autopsy of the victim establish that the victim sustained five stab wounds to the front of the body: three wounds were located in the area of the victim’s left underarm, one wound was located in the area of the victim’s right underarm, and another wound was located to the left of the midline of the victim’s chest. There also were three wounds located on the back of the victim’s body: one wound was located in the upper back above the left arm, another wound was located in the upper midline area of the back, and the third wound was located in the lower right area of the back. Each lung had a single laceration. The Medical Examiner explained that the lacerations to the lungs had the potential to be life-threatening in the event that fluid entered the lungs, became infected, and resulted in a systemic infection. Only one of the eight wounds, however, was immediately life-threatening. The fatal wound occurred when defendant stabbed the victim in the midline area of the chest, penetrating the right ventricle of the heart. The Medical Examiner also testified that the victim’s left arm was raised when he was stabbed, that there were no defensive wounds *28 with the exception of a U/a-inch cut to the victim’s right forearm, and that the short blade of the knife was able to penetrate the heart because the position of the victim’s body caused the heart to be compressed closer to the skin.
Although defendant contends that the verdict is against the weight of the evidence with respect to the element of intent, he does not make an actual weight of the evidence argument, i.e., that the overall weight of the evidence, the conflicting testimony, and the inferences that may be drawn therefrom render the verdict against the weight of the evidence (see generally Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633, 643-644 [2006]; Bleakley, 69 NY2d at 495). Indeed, the facts themselves are essentially undisputed; the testimony of the People’s witnesses and the physical evidence is consistent with defendant’s testimony that he stabbed the victim in an effort to have the victim release him during an altercation that the victim initiated. Instead, defendant contends that the verdict is against the weight of the evidence because the credible testimony of the People’s witnesses does not “prove the elements of the crime beyond a reasonable doubt” (Danielson, 9 NY3d at 349).
We agree with defendant that, despite the number of injuries the victim sustained, including a single fatal stab wound, the credible evidence is not sufficient to prove beyond a reasonable doubt that he intended to kill the victim. Upon our review of the credible evidence presented by the People (see id.), we conclude that the evidence is not sufficient to prove the element of intent to kill because the physical evidence, particularly the location of the stab wounds, supports the conclusion that defendant, during an altercation that the victim initiated, stabbed the victim in an effort to have the victim release him and not with an intent to kill him. Had defendant expressly contended that the evidence is legally insufficient to support the conviction, we would conclude that there is no “valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial . . . and as a matter of law satisfy the proof and burden requirements for every element of the crime charged” (Bleakley, 69 NY2d at 495; see Danielson, 9 NY3d at 349).
IV
For the reasons that follow, we decline to dismiss the indictment pursuant to CPL 470.20 (5) on the ground that the verdict *29 is against the weight of the evidence. Instead, we conclude that the conviction should be reduced pursuant to CPL 470.15 (2) (a) to the lesser included offense of manslaughter in the first degree (Penal Law § 125.20 [1]), and the matter should be remitted to County Court for sentencing on the lesser included offense pursuant to CPL 470.20 (4).
CPL 470.20 (5) provides that the determination by an intermediate appellate court that a verdict is against the weight of the evidence requires dismissal of the indictment. We respectfully disagree with our concurring colleague and our colleagues at the Second Department that CPL 470.15 (5) provides the authority to reduce a conviction to a lesser included offense upon a determination that the verdict is against the weight of the evidence (see e.g. People v Santiago, 97 AD3d 704, 706-707 [2012], lv granted 20 NY3d 935 [2012]; People v Haney, 85 AD3d 816, 818-819 [2011], lv denied 17 NY3d 859 [2011]). Rather, we agree with our dissenting colleague that CPL 470.15 (5) permits the judgment of a multi-count indictment to be modified in the event that the evidence with respect to one or more of those counts is against the weight of the evidence by dismissing the count or counts. In our view, the power to reduce a conviction to a lesser included offense is limited to cases in which it is determined that the evidence “is not legally sufficient to establish the defendant’s guilt of an offense of which he [or she] was convicted but is legally sufficient to establish his [or her] guilt of a lesser included offense” (CPL 470.15 [2] [a]).
We recognize, as our concurring colleague explains, that the legislature changed the remedy for reversal of a judgment on a weight of the evidence review from granting a new trial to dismissing the indictment (see L 1970, ch 996, § 1 [CPL 470.20 (5)]), thereby removing the distinction between a reversal on the ground of legal insufficiency and weight of the evidence review. We nevertheless disagree with our concurring colleague that the legislative action provided authority to modify a judgment by reducing a conviction to a lesser included offense if the weight of the evidence supported a lesser included offense, but not the offense of which defendant was convicted. The legislature explicitly provided the alternative remedy of reducing a conviction to a lesser included offense if the evidence was legally insufficient to support the conviction but was legally sufficient to support the conviction of a lesser included offense (see CPL 470.15 [2] [a]); however, the statute is silent with respect to that remedy if the verdict is against the weight of the evidence *30 {see id.). In our view, if the legislature had intended to provide the same relief to modify a judgment in the event that the weight of the evidence failed to support the conviction but supported a lesser included offense, it would have done so.
We respectfully disagree with our concurring colleague that People v Cahill (2 NY3d 14 [2003]) supports the conclusion that a judgment may be modified by reducing a conviction to a lesser included offense if the verdict is against the weight of the evidence. Instead, we agree with our dissenting colleague that the unique circumstances involved in Cahill do not apply here. In Cahill, defendant was convicted of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [v], [vii]), in connection with the murder of his wife, based upon two aggravating factors: witness elimination murder and intentional murder in the course of and in furtherance of a burglary (Cahill, 2 NY3d at 35). The Court of Appeals explained that the aggravating factors were established by the legislature “to create a subclass of defendants who, in contrast to others who commit intentional murder, it thought deserving of the death penalty. By this device, the lawmakers saw to it that the death penalty could not fall randomly on all murder defendants” {id. at 62). The Court further explained that the aggravating factor “elevates intentional murder to capital-eligible murder” {id.). In other words, the offense is intentional murder, but the aggravating factor must be proved in addition to the intentional murder in order to impose the death penalty on a particular defendant {see id. at 63). In Cahill, the Court of Appeals “vacated” the conviction of witness elimination murder because the proof at trial led the Court to conclude that defendant’s motive to kill his wife was not related to eliminating her as a witness in a Family Court matter {id. at 62). The Court also concluded that the additional and independent crime of burglary was not proved but, rather, that the People improperly used the same mens rea, i.e., defendant’s intent to kill, for both the murder and the burglary requirements of the offense of murder in the first degree {id. at 64).
Indeed, the Court described Penal Law § 125.27 (a) (1) as requiring a “double crime — murder ‘plus’ ” {id. at 64). The Court determined that one of the two “crimes,” i.e., the “plus crime,” in each count of murder in the first degree was not proved and therefore modified the judgment accordingly {id. at 72). In our view, the resolution of Cahill was not a reduction to a lesser included offense because the verdict was against the *31 weight of the evidence; instead, the resolution was a determination that the capital penalty was not available because only the discrete intentional murder, and not the discrete “plus crime,” was proved. In our view, therefore, Cahill does not support the conclusion that here, the conviction of murder in the second degree may be reduced to a lesser included offense if the weight of the evidence supports a lesser included offense.
V
We conclude, as does our dissenting colleague, that CPL 470.20 (5) requires dismissal of the indictment if it is determined that the verdict is against the weight of the evidence. Where as here, however, there is no separate contention that the conviction is not supported by legally sufficient evidence, but instead the analysis of the legal sufficiency of the evidence is conducted solely in the context of a contention that the verdict is against the weight of the evidence (see Danielson, 9 NY3d at 349), we conclude that dismissal of the indictment is not the appropriate remedy. We note that, in Danielson, the Court of Appeals stated that it was called upon
“to determine the scope of weight of the evidence review when a defendant has failed to preserve a challenge to the legal sufficiency of his conviction. In particular, we are asked whether weight of the evidence review requires assessment of the elements of the crime for which defendant is convicted, or whether such review would simply be tantamount to back-door sufficiency review” (id. at 346).
Indeed, the Court concluded that “the Appellate Division majority incorrectly concluded that it was unnecessary to conduct an element-based review” (id. at 349). We interpret that language to require us to determine, in the first instance, whether the evidence was legally sufficient to support the conviction. We therefore conclude that, despite the fact that our review is in the context of a contention that the verdict is against the weight of the evidence, our assessment of the elements of the crime of murder in the second degree under these circumstances is not a determination on the facts (see CPL 470.15 [5]), i.e., a consideration of the “credible evidence, conflicting testimony and inferences that could be drawn from the evidence” (Danielson, 9 NY3d at 349). Instead, our assessment is a determination on the law that the evidence is legally insufficient with respect to the element of intent (see CPL 470.15 [4] [b]).
*32 We respectfully disagree with our dissenting colleague’s conclusion that our review is limited by defendant’s “request for only a weight-based review” and that, based on that request, we must reverse the judgment as against the weight of the evidence and dismiss the indictment. Our conclusion that the judgment should be modified by reducing the conviction to a lesser included offense is supported by our reasoning that a defendant may not usurp our authority to determine the appropriate statutory remedy as set forth in CPL 470.20 by the manner in which he or she challenges the legal sufficiency of the evidence, i.e., within the context of a weight of the evidence contention rather than by an express contention that the conviction is not supported by legally sufficient evidence (see generally Bleakley, 69 NY2d at 495). In other words, we conclude that we are not required to afford the remedy of dismissal of the indictment pursuant to CPL 470.20 (5) merely because defendant’s contention that the evidence of the intent to kill was not proved beyond a reasonable doubt is made in the context of a request for a weight of the evidence review, rather than in the context of a contention that the conviction is not supported by legally sufficient evidence, even if that contention is not preserved for our review.
V
Thus, based upon our determination that the evidence is not sufficient to establish beyond a reasonable doubt that defendant intended to kill the victim, but it is sufficient to establish beyond a reasonable doubt that he intended to cause serious physical injury to the victim, which resulted in the victim’s death (see Penal Law § 125.20 [1]), we conclude that the conviction of murder in the second degree should be reduced to manslaughter in the first degree pursuant to CPL 470.15 (2) (a). Accordingly, we conclude that the judgment should be so modified, and the matter should be remitted to County Court for sentencing on the manslaughter conviction (see CPL 470.20 [4]).
We have reviewed defendant’s remaining contentions and conclude that none requires reversal or further modification of the judgment.